UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BROADCAST MUSIC, INC., et al. | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 13-cv-12258-IT |
| TOMMY DOYLES HYANNIS, LLC et al., | * | |
| | * | |
| Defendants. | * | |

ORDER ON STATUTORY DAMAGES & REQUEST FOR COSTS AND FEES

June 10, 2015

I.     Introduction

       The court has entered default against Defendant Tommy Doyles Hyannis, LLC and

Defendant Alan O'Sullivan for having failed to appear in this action.  See Notice Default [#9];

Notice Default [#10].  Plaintiffs now move for default judgment in the amount of $29,777,

consisting of $24,000 in statutory damages, $5,080 in attorney's fees, and $697 in costs.  See

Mot. Default J. [#14] [hereinafter Pls.' Mot.]; Decl. William S. Strong ¶¶ 2-4 [hereinafter Strong

Decl.].  Having considered Plaintiff's complaint, moving papers, and supporting affidavits, the

court awards a statutory award of $3,000, attorney's fees of $1,000, and costs of $400.

II.    Statutory Damages

       As a result of Defendants' default, all well-pleaded allegations in Plaintiffs' complaint

are deemed admitted.  See KPS & Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 24 (1st Cir.

2003); Franco v. Selective Ins. Co., 184 F.3d 4, 9 n.3 (1st Cir. 1999).  Plaintiffs complaint

alleges that they have a protected copyright interest in four songs—"Boxer a/k/a The Boxer" by

Paul Simon, "In Your Eyes" by Peter Gabriel, "Respect" by Otis Redding, and "Wonderwall" by

Noah Gallagher.  See Verified Compl. ¶¶ 18-19, Ex. A.  The complaint further alleges that on

1

June 8, 2013, Defendants publicly performed, or caused to be performed at an establishment they owned, the four protected musical works without license or permission.  See id. ¶ 22, Ex. A.  Accordingly, Plaintiffs have plausibly pleaded a claim of copyright infringement, and Defendants are deemed to have admitted their liability for that infringement.  See Twentieth Century Music Corp. v. Aiken, 422 U.S. 151, 157 (1975) (stating that a copyright holder has an "exclusive right . . . to perform the copyrighted work publicly for profit" (citation and alterations omitted)).

The Copyright Act provides that a copyright owner may receive either actual or statutory damages for infringement.  See 17 U.S.C. § 504(a)(1)-(2).  Absent a showing of willful infringement, statutory damages shall be "with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, . . . not less than $750 or more than $30,000 as the court considers just."  Id. § 504(c)(1).

Plaintiffs seek statutory damages in the amount of $6,000 per musical work, for a total of $24,000.  Pls.' Mem. Supp. Their Mot. Default J., 4 [#15] [hereinafter Pls.' Mem.].  Plaintiffs justify this statutory award request on the ground that, if Defendants had purchased a yearly "blanket license agreement" for 2011, 2012, and 2013, they would have spent $8,811.  See Decl. Renee S. Wolfe ¶ 3 [#17] [hereinafter Wolfe Decl.]; Decl. Brian Mullaney ¶ 17 [#18] [hereinafter Mullaney Decl.].  According to Plaintiffs, "[c]ourts consistently have held that a statutory damages award between two and five or six times the amount that the plaintiff would have received in licensing fees is appropriate."  Pls.' Mem. at 5.  Therefore, Plaintiffs suggest that an award of $24,000 (less than three times the total in alleged licensing fees) is "modest, just, and appropriate."  Id.

As a preliminary matter, the complaint alleges that each of the four songs was infringed on June 8, 2013.  See Verified Comp. at Ex. A.  Accordingly, it is not apparent why licensing fees for 2011 and 2012 would be justified.  Moreover, in support of their motion for default judgment, Plaintiffs explain that purchase of a "blanket license agreement" would "permit music users to perform any of . . . over 8.5 million musical compositions."  Wolfe Decl. ¶ 3.  If a fee of $3,011 would have provided Defendants the rights to play 8.5 million songs for all of 2013, see Mullaney Decl. ¶ 17, it does not follow that an award of $24,000 is justified for the unlicensed performance of four songs, one time each.  In light of the nature and scope of the infringement as compared against the yearly cost for a "blanket licensing agreement," the courts finds that the statutory minimum award of $750 per song is appropriate, for a total award of $3,000.  This amount will adequately serve the purposes of deterring putative infringers.

III.    Attorney's Fees

Under the Copyright Act, "the court may . . . award a reasonable attorney's fee to the prevailing party."  17 U.S.C. § 505; Spooner v. EEN, Inc., 644 F.3d 62, 69 (1st Cir. 2011).  For claims under the Copyright Act, "attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion."  Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994).  The party seeking an award of fees bears the burden of proving the reasonableness of its fee request through submission of appropriate evidence.  See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  Where the party fails to present sufficient evidence to justify its fee request, "the district court may reduce the award accordingly" or deny it entirely.  Id.; see also Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 297 (1st Cir. 2001) ("[P]revailing parties who intend to seek counsel fee awards ordinarily must ensure that contemporaneous time records are kept in

reasonable detail. . . . [F]ailure to do so may have deleterious consequences (such as the slashing or disallowance of an award)." (internal citations omitted)).

Plaintiffs filed a declaration in support of their motion for default judgment that states "[t]he total amount of attorney's fees incurred in this matter . . . is $5,080." Strong Decl. ¶ 2. However, Plaintiffs failed to provide hourly time records, indicate the hourly rate charged to reach this total, or otherwise provide information to the court justifying their requested award of fees. Moreover, the court entered default against Defendants for failure to answer. See Entry Default [#9]; Entry Default [#10]. Accordingly, litigation in this case consisted only of filing and serving the complaint and moving for default. The complaint is a form complaint.[1] It is not apparent that $5,080 in fees is reasonable for those actions. Based on Plaintiffs' failure to provide sufficient information to justify their requested fees, the court could disallow attorney's fees entirely. However, in its discretion, the court will instead award attorney's fees of $1,000. This amount reasonably compensates Plaintiffs for the work done on this case without turning the discretionary award of fees into a windfall.

## IV.    Costs

The Copyright Act allows a court, in its discretion, to grant an award of full costs to a prevailing party. 17 U.S.C. § 505. Plaintiffs request $697 in costs, which they state is "primarily for filing fees and process-server fees." Strong Decl. ¶ 3. The filing fee paid was $400. The court is unable to ascertain what portion of the remaining $297 is process server fees, and Plaintiffs provide no information regarding what other costs are claimed. Accordingly, the court

---

[1] For comparison, this complaint is substantially identical in form and substance to at least three other complaints filed in this session. See, e.g., Broadcast Music, Inc. v. Michael J. Quinn, No. 14-cv-10700-IT; Broadcast Music, Inc. v. King Cormac, Inc., No. 14-cv-11939-IT; Broadcast Music, Inc. v. PJML, Inc., No. 13-cv-12212-IT.

cannot determine if the sought-after costs are properly recoverable. Therefore, the court in its discretion awards only the $400 in costs from the filing fee in this case.

V.     Permanent Injunction

Injunctive relief may be appropriate "where (1) the plaintiff has prevailed on the merits, (2) the plaintiff would suffer irreparable injury in the absence of injunctive relief, (3) the harm to the plaintiff would outweigh the harm to the defendants from an injunction, and (4) the injunction would not adversely affect the public interest." Joyce v. Town of Dennis, 720 F.3d 12, 25 (1st Cir. 2013). "To be entitled to a forward-looking remedy, a plaintiff must satisfy the basic requisites of equitable relief—'the likelihood of substantial and immediate irreparable injury, and the inadequacy of remedies at law.'" Steir v. Girl Scouts of the USA, 383 F.3d 7, 16 (1st Cir. 2004) (quoting O'Shea v. Littleton, 414 U.S. 488, 502 (1974)). This requires a showing "either that some past unlawful conduct has continuing impact . . . , or else . . . a likelihood of future unlawful conduct on the defendant's part." Lopez v. Garriga, 917 F.2d 63, 67 (1st Cir. 1990) (internal citations omitted).

Plaintiffs have failed to make a showing that they are entitled to a permanent injunction. Plaintiffs' complaint does not plead that Defendants continue to infringe the musical works at issue or that they are likely to infringe those works again in the future. According to Plaintiffs, Defendant Tommy Doyles Hyannis is no longer in business. Pls.' Mem. at 6. Accordingly, the court denies the request for a permanent injunction.

IT IS SO ORDERED.

June 10, 2015                                          /s/ Indira Talwani            
                                                      United States District Judge